

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Ralph Logan
County Attorney
Tom Green County
San Angelo, Texas

Dear Sir:

Opinion No. O-2556
Re:  Did the extension of the
city boundaries of San
Angelo automatically ex-
tend the boundaries of
the San Angelo Independ-
ent School District?

We are in receipt of your letter of July 24, 1940, in which you request an opinion of this Department as to whether or not the extension of municipal boundaries of the City of San Angelo operated to automatically extend the boundaries of the San Angelo Independent School District.

In your letter you call our attention to Articles 2804 and 2805 of the Revised Civil Statutes of Texas which provide that whenever the limits of an incorporated city or town constituting an independent school district are so extended or enlarged as to embrace the whole or any part of any independent or common school district adjacent to such incorporated city or town, that portion of such adjacent district so embraced within the corporate limits of such incorporated city or town shall thereafter become a part of the independent school district constituted by such incorporated city or town.  If the city of San Angelo is such an incorporated city constituting an independent school district, then the extension of its boundaries would automatically operate to extend the boundaries of the San Angelo Independent School District.  If, however, the city of San Angelo is not an incorporated city constituting an independent school district, then the above referred to articles would have no application to the case at hand.

Honorable Ralph Logan, page 2

Under the facts submitted, prior to 1936 the City of San Angelo constituted an independent school district; however, in March, 1936, the people of San Angelo separated its school system from municipal control and thereby created the San Angelo Independent School District. This procedure was taken under the authority of Article 2783b of Vernon's Annotated Civil Statutes. Said article reads in part as follows:

"Section 1. The term 'municipal school district,' as used in this Act, shall include any city or town constituting a separate and independent school district under authority of Section 3, of Article 7, of the Constitution, as amended and/or Section 10, of Article 11, of the Constitution, the boundaries of the school corporation being the same as the boundaries of the city or town and which said city has a population of thirty thousand (30,000) or less, according to the last preceding United States Census.

"The term 'governing body,' as used in this Act, shall include the governing body of each such city or town, whether designated as 'city commission,' 'city council,' 'board of aldermen,' or otherwise.

"Sec. 2. When any municipal school district, as defined in Section 1 hereof, shall desire to have the public schools within its limits separated from municipal control so that the school corporation shall become and be an independent school district, without the dual character theretofore possessed by the school corporation and the city or town, the same shall be done in the following manner: . . ."

In discussing the election referred to the Austin Court of Civil Appeals in the case of State vs. City Commission of San Angelo, 101 S. W. (2) 360, stated as follows:

". . . This election was held under the provisions of article 2783b, which authorizes the qualified voters to divorce their schools from 'municipal control,' and to provide for 'independent control of schools' by an elective board of education."

The Court also recognized the fact that the election did operate to separate the school system from municipal control

Honorable Ralph Logan, Page 3

and stated as follows:

"It is not material to the question of whether
the election of March, 1936, resulted in an amend-
ment to or alteration of the city charter, that
strictly municipal powers of the city were refer-
able to or derived from the provisions of article 11
of the Constitution, while its power to control
schools was referable to or derived from article 7
of the Constitution. Wherever the city may have
derived its power of 'municipal control' of schools
its charter provided for such control prior to the
election of March, 1936, and both the Legislature
and courts have recognized the validity of that
power. The Legislature recognized the validity of
such power when it enacted articles 2774, 2774a, and
2785b of our Statutes, which provide the methods of
adopting or withdrawing municipal control of schools,
and particularly by providing that the qualified
voters might authorize or deny the exercise of such
power by an election called for such purposes."

We call your attention further to the fact that the
San Angelo Independent School District now has the powers of
other independent school districts, and that such powers were
given to such district under authority of Section 5 of Article
2783b, supra, which reads in part as follows:

"Except as herein denied or limited, all the
powers conferred upon independent school districts
and/or towns and villages incorporated for free
school purposes only, by Title 49, of the Revised
Civil Statutes of Texas, of 1925, and amendments
thereto, including the right to annex contiguous
territory for school purposes, and the right to levy
taxes and issue bonds for school purposes, as pro-
vided by General Law, are hereby conferred upon any
independent school district separated from munici-
pal control under the provisions of this Act; pro-
vided however, that the trustees of any independent
school district that may hereinafter be separated
from municipal control under the provisions of this
Act, shall have the power to levy and collect an
annual ad valorem tax not to exceed One Dollar ($1)
on the One Hundred Dollars ($100) valuation of

709

Honorable Ralph Logan, page 4

taxable property of the district, for the mainte-
nance of the schools therein, and, in addition,
thereto, an annual ad valorem tax on each One Hun-
dred Dollars ($100) valuation of taxable property
of the district sufficient to pay the principal of
and interest on all bonds issued for school building
purposes outstanding against the municipal school
district at the time of separation from municipal
control, and the principal of and interest on all
bonds to be issued hereafter by any such independ-
ent school district; . . ."

It is obvious that the method of annexation of terri-
tory by the San Angelo Independent School District is the same
as the method employed by other independent school districts
created for free school purposes only. It is also evident that
Articles 2804 and 2805, supra, do not apply to automatically
extend the school district of cities wherein the school districts
have been divorced from the cities under the authority of Arti-
cle 2783b, supra.

It is the opinion of this Department therefore that
the extension of the municipal boundaries of the city of San
Angelo in compliance with the municipal ordinance which you en-
closed did not automatically extend the boundaries of the San
Angelo Independent School District. It is therefore unnecessary
to answer the other questions propounded in your letter.

Yours very truly

APPROVED AUG 9, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

ATTORNEY GENERAL OF TEXAS

By

Billy Goldberg
Assistant

BG:db


APPROVED OPINION COMMITTEE BY CHAIRMAN